IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------
:
: Civil Action No.
In re Production Workers Pension Fund   :
:
:
:
:
---------------------------------------------------------  :

# COMPLAINT

## JURISDICTION

1. Jurisdiction is conferred upon this court under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), § 502(e)(1), 29 U.S.C. § 1132(e)(1).

## VENUE

2. In accordance with ERISA § 502(e)(2), 20 U.S.C. § 1132(e)(2), venue is appropriate in the Southern District of New York as the place where the Production Workers Pension Fund is administered.

## PARTIES

3. Kathleen Joseph is the Plan Administrator of The Production Workers Pension Fund.

4. The Production Workers Pension Fund is an "Employee Pension Benefit Plan" within the meaning and definition of ERISA § 3(1), 29 U.S.C. § 1102(1). It is also a "multiemployer plan" within the meaning of § 3(37)(A), 29 U.S.C. § 1102(37)(A). The Fund is administered within the jurisdiction of this District.

## FACTUAL BACKGROUND

5. On May 3, 1976, the Production Workers Local 400 and various employers (the specific identities of which have been lost to time) established the Production Workers Pension Fund to be a multiemployer pension fund that would receive contributions from employers made pursuant to various collective bargaining agreements and provide retirement benefits for eligible employees.

6. The Production Workers Pension Fund itself is governed by a trust agreement, which is attached here as Exhibit A.

7. The Trust Agreement provides that the Fund is operated and administered by a slate of trustees:

> The operation and administration of the Pension Fund shall be the joint responsibility of the Trustees who shall be named fiduciaries under the Plan. The number of Trustees shall be four (4) and may be increased from time to time but there shall always be an equal number of Employer and Union Trustees, and in no event shall there be more than five Employer Trustees and Five Union Trustees.

Exhibit A at Article III, Section 1.

8. The Trust Agreement provides that each of the original four trustees "and each successor and additional Trustees shall continue to serve as such until his death, incapacity or resignation." Exhibit A at Article III, Section 4.

9. And, it is the Trustees who "shall determine the procedure and basis for naming additional Trustees". Exhibit A at Article III, Section 1.

10. Although the Production Workers Pension Fund originally had four duly-appointed trustees, for reasons lost to time, by 2006 that number had decreased to two. The remaining two trustees did not appoint any additional trustees.

11. As of 2016, Peter Henriquez (then the president of the Production Workers Local 400) was serving as the union-side trustee.

12. And, as of 2016 Mr. Richard Cleary (the owner of Barron Metal – a contributing employer to the Fund) was serving as the employer-side trustee.

13. Then, in 2016, the Production Workers Local 400 dissolved. Upon its dissolution, Mr. Henriquez resigned as a trustee of the Fund. The Fund believes Mr. Henriquez died several years ago.

14. Mr. Richard Cleary continued to serve as an Employer-appointed trustee. During his tenure as the sole trustee, Mr. Cleary did not appoint any additional trustees.

15. In 2023, Barron Metal, which was, at the time the only remaining employer that contributed to the Fund ceased its obligation to contribute to the Fund.

16. When Barron Metal withdrew from the Fund, Mr. Cleary resigned as a trustee.

17. Thus, at this point, the Fund has no union attached to it and no employers contributing to it.

18. The Fund also does not have any Trustees.

19. Nevertheless, there are approximately 296 participants remaining in the Fund who are either receiving retirement benefits or who are entitled to receive retirement benefits in the future. The Fund controls $5,876,415 in assets.

20. In order to serve the participants, the Fund still must take certain steps to serve the participants. But, without any Trustees, the Fund cannot act.

21. Under the Production Workers Pension Fund Plan Rules and Regulations, as amended, the Trustees must make certain determinations – including who shall receive benefits if no designated beneficiary survives the participant, whether or not a participant is "totally disabled", and approve certain requests for benefits. A copy of the Plan is attached as Exhibit B. *See e.g.*, Exhibit B at Sections 1.5, 3.10.

22. Without Trustees, the Fund cannot do these things.

23. Likewise, the Fund cannot assess or collect withdrawal liability (which would increase the Fund's assets, thereby maximizing the money available to pay benefits), complete its application for Special Financial Assistance pursuant to 29 U.S.C. § 1431 and 29 C.F.R. § 4262.1 et seq. (under which the Fund stands to receive a grant from the United States government), and perform other duties of trustees such as monitor investment selections and file annual Form 5500s.

24. In short, without duly appointed Trustees, the Fund's hands are tied, and it is at a standstill.

25. Under 29 U.S.C. § 1342(b)(2)(A), "upon the petition of a plan administrator . . ., the appropriate United States district court may appoint a trustee in accordance with the provisions of

this section if the interests of the plan participants would better served by the appointment of the trustee."

26. The Plan Administrator files this action to request the Court appoint two professional trustees to manage the Fund going forward since the appointment of trustees would be in the interest of the plan participants.

27. Both Judith Broach, Esq. and James Estabrook, Esq. are professional trustees who are willing, qualified, and able to serve as trustees of the Fund.

28. Ms. Broach is Of Counsel at the law firm of Stulberg & Walsh, LLP in New York, New York.  In addition to a vibrant practice in labor, employment and employee benefits matters on behalf of unions, she has been appointed as an independent fiduciary of various employee benefit plans by United States District Courts for the Southern, Eastern and Western Districts of New York. She also serves as an independent fiduciary in non-litigated matters.  Ms. Broach is a Fellow of the American College of Employee Benefits Counsel, Martindale Hubbell AV Rated, has been selected as a "New York Super Lawyer (every year since 2010) and is the former Union Co-Chair of the American Bar Association Section of Labor and Employment Law Employee Benefits Committee. Her resume is attached as Exhibit C.

29. Mr. Estabrook is a Shareholder of Lindabury, McCormick, Estabrook & Cooper, P.C. in Westfield, NJ.  He represents businesses and trade associations in ERISA and employee benefits law and federal and state estate and gift taxation.  Mr. Estabrook also serves as counsel to many multiemployer benefit funds and has served as a professional trustee for numerous funds located across the country.  He is a frequent speaker on employee benefits issues, has been rated by Martindale-Hubbell, and identified as a "Best Lawyer in America".  His resume is attached as Exhibit D.

30. Neither Ms. Broach nor Mr. Estabrook have any conflict in serving as trustees to the Fund.  They do know any participants of the Fund and are (presently) not connected to the Fund in any way.

## **REQUEST FOR RELIEF**

Wherefore, pursuant to 28 U.S.C. § 2201 and 29 U.S.C. § 1342 (b)(2)(A), the Plan Administrator respectfully requests that this Court:

(1) Appoint Judith Broach as the union-side trustee to the Fund;

(2) Appoint James Estabrook as the employer-side trustee to the Fund;

(3) Issue an order permitting Mr. Estabrook and Ms. Broach to amend the Trust Agreement to require only two trustees (instead of the current four);

(4) Authorize the Fund to pay the trustees reasonable compensation for their services to the Fund; and

(5) Any other relief the Court deems appropriate.

Dated: July 23, 2023

        LITTLER MENDELSON P.C.

        By: *s/ Ira D. Wincott*
           Ira D. Wincott, Bar No. 1966365
           iwincott@littler.com
           290 Broadhollow Road
           Suite 305
           Melville, NY  11747
           Telephone:  631.247.4700
           Facsimile:  631.293.4526

           Sarah Bryan Fask, PA Bar No. 306549
           *Pro Hac Vice Forthcoming*
           sfask@littler.com
           Three Parkway
           1601 Cherry St., Ste. 1400
           Philadelphia, PA 19102
           Telephone: 267.402.3000
           Facsimile: 267.402.3131

        Attorneys for the Production Workers Pension Fund